IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN FISCHBACH,

                Plaintiff,          Case No. 3:06 CV 2588

-vs-

CITY OF TOLEDO,                      <u>MEMORANDUM  OPINION</u>
                                                        <u>AND ORDER</u>

                Defendant.

KATZ, J.

Before the Court for consideration is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b). For the reasons stated herein, Defendant's motion will be denied.

This case originated on September 25, 2006, when Plaintiff filed a case in the Lucas County Court of Common Pleas alleging that he was wrongfully terminated from his job with the City of Toledo under the Family Medical Leave Act ("FMLA"), the American Disabilities Act, and Ohio Rev. Code §§4112.02 and 4123.90.1. On October 25, 2007, the case was properly removed to this Court pursuant to 21 U.S.C. 1441(a).

Meanwhile, in a separate proceeding, Plaintiff's union, the Teamsters, Chauffeurs, Warehousemen, and Helpers Local Union 20, pursued a grievance action relating to Plaintiff's discharge through the Federal Mediation and Conciliation Service, as Plaintiff's exclusive bargaining agent pursuant to the relevant Teamster's Local 20 Collective Bargaining Agreement ("CBA"). On August 7, 2007, the arbitrator ordered Plaintiff reinstated to his job; the arbitrator's ruling was upheld by the Lucas County Common Pleas Court on April 30, 2008. Proceedings in the instant action were stayed during the pendency of the arbitration of Plaintiff's grievance action under the CBA.

On April 9, 2009, Defendant moved to dismiss this action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In response, on June 8, 2009, Plaintiff filed

an opposition to Defendant's 12(b)(6) motion, as well as a motion for leave of the Court to file an amended complaint. The Defendant's motion to amend his complaint has now been granted. See Doc. No. 40. The amended complaint was filed September 2, 2009.

Because Plaintiff has now filed an amended complaint that supersedes the original complaint, the present motion, relating as it does to the original complaint, is denied as moot. Cf. *Stoffels v. SBC Communications*, 430 F.Supp. 2d 642, 648 (W.D. Tex. 2006). The Court, however, considers Plaintiff's Amended Complaint to "wipe the slate clean, and provide Defendant[] a new, unobstructed opportunity to submit a 12(b)(6) motion." *Id.*; cf. 5C Wright & Miller, *Fed. Prac. & Proc.* §1385 ("[I]n a limited number of cases the district court has exercised its discretion to permit a second preliminary motion to present a Rule 12(b)(6) defense, although it was technically improper to do so.").[1]

Therefore, Plaintiff's present motion to dismiss for failure to state a claim upon which relief can be granted is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

---

[1] In preparing briefing on this motion, should Defendant choose to file it, Defendant is admonished to place case citations and discussion in the body of the text, and not in footnotes. Defendant's memorandum in support of its motion to dismiss (Doc. No. 27) contained an astounding 57 footnotes within 10 pages. Besides constituting a rather blatant means of evading the page limitations for memoranda relating to dispositive motions, see Local Rule 7.1(f), this practice makes it more difficult for this Court to read the Defendant's briefs and extract the Defendant's arguments. "A client's interests are not furthered by drafting briefs which serve to camouflage legal issues." *Teague v. Bakker*, 35 F.3d 978, 985 n. 5 (4th Cir. 1994).