IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN FISCHBACH,

                Plaintiff,             Case No. 3:06 CV 2588

  -vs-

                                       <u>MEMORANDUM   OPINION</u>

CITY OF TOLEDO,

                Defendant.

KATZ, J.

This matter is before the Court on the motion of Defendant, the City of Toledo, for summary judgment (Doc. 77). Plaintiff, John Fishbach, has filed an opposition (Doc. 85) to that motion, to which Defendant has filed a reply (Doc. 93). The motion for summary judgment will be granted in part and denied in part.

**I. Background**

Plaintiff is employed as an Instrumentation Technician for the City of Toledo, Department of Public Utilities, Division of Water Reclamation, a classification subject to a collective bargaining agreement. Plaintiff is a member of the Teamsters, Chauffers, Warehousemen and Helpers Local Union No. 20 (the "Union"). As such, Plaintiff is subject to the terms of a collective bargaining agreement ("CBA") negotiated by the Union and the City of Toledo.

On July 7, 2006, Plaintiff was terminated from his job as Instrumentation Technician by Defendant. On September 25, 2006, Plaintiff filed a complaint with the Lucas County, Ohio Court of Common Pleas, alleging that he was wrongfully terminated from his job under the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and Ohio Rev. Code §§ 4112.02 & 4123.90. On October 27, 2006, the matter was removed to federal court pursuant to 21 U.S.C. 1441(a).

Meanwhile, in a separate proceeding, the Union pursued a grievance action relating to Plaintiff's discharge through the Federal Mediation and Conciliation Service. On August 7, 2007, an arbitrator ordered Plaintiff reinstated to his job. The arbitrator's ruling was upheld by the Lucas County Common Pleas Court on April 30, 2008. Plaintiff returned to work on June 2, 2008, at his previous position of Instrumentation Technician. He also received an award of $101,394.08 for back pay, overtime, and additional compensation, plus medical expenses in the amount of $1,931.83. Proceedings in the instant action were stayed during the pendency of the arbitration of Plaintiff's grievance action.

According to the Amended Complaint, filed in September 2009, Plaintiff's claims in this suit arise from his 2006 termination, which he alleges violated the FMLA and the disability discrimination provisions of R.C. § 4112.02 or, alternatively, constituted retaliation for his filing of a worker's compensation claim under R.C. § 4123.90. He claims that his back pay award resulting from his grievance action "was insufficient to allow him to buy back his pension credit." He also alleges that he has applied for the position of Instrumentation Supervisor, but that Defendant has "delayed filling this position" due to "plaintiff's position as the most senior and most qualified applicant." Plaintiff contends that the ongoing denial of this position also constitutes unlawful retaliation for his previous exercise of his rights under the FMLA and R.C. § 4112.02, and his filing of a worker's compensation claim. He also claims that he has been "subject to harassment" since returning to work, including having to undergo a "fitness for duty" medical examination, having his work subjected to "increased scrutiny," having rumors spread by unnamed "city officials" that he has a drinking problem, having unnamed supervisors advising

2

Plaintiff's co-workers that he "was trouble" and that they should not associate with him, and having "supervisory personnel" attempt "to conspire with others to 'get' plaintiff."

**II. Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id*. at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; see also *Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III. Discussion**

It should be noted, initially, that Plaintiff has abandoned his claims for unlawful retaliation under R.C. § 4123.90 for filing a worker's compensation claim. The Court turns to Plaintiff's other claims.

The Court also notes that Plaintiff has abandoned his claims for disability discrimination under the ADA. See Doc. 85 at 3 ("The sole federal claim asserted by plaintiff . . . arises under the Family and Medical Leave Act."). Moreover, because Plaintiff has not submitted evidence

showing that he has exhausted his administrative remedies with respect to his disability claim, any ADA claim would not be viable. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir.2000).

## A. FMLA Interference

Plaintiff's FMLA interference claim arises from several leaves of absence that he sought in 2006. In February and March 2006, he requested four days of sick-family leave to care for his son, who was over 18 years of age at the time. These requests were denied by Defendant. Plaintiff applied for and took March 20, 21, 22, and April 5, 2006 as sick-family leave, based on a doctor's diagnosis of Plaintiff as having an acute stress reaction. These requests were also denied, and, as a result, Plaintiff was given a Notice of Disciplinary Action stating that he had exceeded his allowable amount of sick leave by taking 64 hours against a permitted amount of 48. After a hearing, Defendant terminated Plaintiff's employment.

Plaintiff's termination was the subject of a grievance proceeding, which resulted in an arbitrator ruling that Plaintiff be reinstated to his prior position with back pay and seniority, and retroactive benefits. The arbitrator reduced Plaintiff's back pay award by eight weeks, reasoning that given Plaintiff's prior need for leaves to deal with recurring problems, it could not be fairly assumed that he would have been continuously available to work after his termination. Because the arbitrator reduced his back pay award, Plaintiff contends that the arbitration award has not mooted his present suit. Plaintiff also takes issue with the arbitrator's method of calculating his lost overtime pay, which was based on the average of overtime wages paid to all members of his department over the period of his absence. He also contends that he is entitled to interest on the unpaid amounts, attorney's fees, and liquidated damages under the FMLA.

5

To establish an FMLA interference claim, Plaintiff must demonstrate: (1) he is an eligible employee; (2) Defendant is a covered employer; (3) Plaintiff was entitled to leave under the FMLA because of a serious health condition; (4) he gave Defendant notice of his intention to take leave; and (5) Defendant denied Plaintiff FMLA benefits to which he was entitled. *Thom v. American Standard, Inc.*, 562 F.Supp.2d 949, 951-952 (N.D. Ohio 2008). Plaintiff must also show "prejudice," that is, that the FMLA violation was the cause of his alleged injury.

Plaintiff has submitted sufficient evidence on each of these points to survive summary judgment on his FMLA claim. According to his affidavit, Fishbach had been a full-time employee of Defendant since 1988, and had worked in excess of 1,250 hours in the 12-month period preceding each of his FMLA leaves. (Doc. 86). This suffices to create a genuine issue of fact as to the first prong of his FMLA interference claim. See 29 U.S.C. § 2611(2). As a municipality, the City of Toledo is a "covered employer" for FMLA purposes. See *Allen v. City of Sturgis*, 559 F.Supp.2d 837, 845-846 (W.D. Mich. 2008).

As to the third element, that Plaintiff was entitled to leave due to a "serious health condition," Plaintiff has submitted a certification from his doctor, Kathleen Luce, dated April 18, 2006, indicating that Plaintiff had a "serious health condition" and was incapacitated on March 20, 21, 22, and April 5, 2006, dates for which he requested but was denied FMLA leave. (Doc. 89, Exh. 1). Defendant contends that this evidence is not sufficient to create a genuine issue of fact as to whether Plaintiff was entitled to FMLA leave due to a "serious health condition." The Court disagrees.

Under the FMLA, a "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves -- (A) inpatient care in a hospital,

6

hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). The employer may require an employee to provide a doctor's certification confirming the existence of a serious health condition. 29 U.S.C. § 2613(a). A doctor's certification of a serious health condition is sufficient if it states (1) the date on which the serious health condition began, (2) the probable duration of the condition, (3) the appropriate medical facts within the health care provider's knowledge, and (4) a statement that the employee is unable to perform her job duties. *Brenneman v. MedCentral Health System*, 366 F.3d 412, 422 (6th Cir. 2004) (citing 29 U.S.C. § 2613(b)). While "the medical certification provided by the employee is presumptively valid if it contains the required information and is signed by the health care provider," the employer may overcome this presumption by showing that "the certification is invalid or inauthentic." *Harcourt v. Cincinnati Bell Tel. Co.*, 383 F.Supp.2d 944, 955-56 (S.D. Ohio 2005) (citing 29 C.F.R. § 825.307(a)). See *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577-78 (6th Cir. 2007).

The Sixth Circuit has "recognized that an employer who finds an employee's certification to be 'incomplete' [or possibly, 'inadequate'] has a duty to inform the employee of the deficiency and provide the employee a 'reasonable opportunity' to cure it." *Id*. at 579 (citing *Sorrell v. Rinker Materials Corp*., 395 F.3d 332, 337 (6th Cir. 2005) (citing 29 C.F.R. § 825.305(d)); *Hoffman v. Professional Med Team*, 394 F.3d 414, 418 (6th Cir. 2005) (citing 29 C.F.R. § 825.305(d))).

In this case, Plaintiff's certification contains information as to the dates, duration, and medical cause of Plaintiff's incapacity, as well as a statement that Plaintiff was unable to perform his job duties. Thus, it is presumptively valid, and Defendant has not produced evidence showing

7

that it is invalid or inauthentic. Moreover, there is no indication that Defendant informed Plaintiff of any alleged deficiencies in the certification, or provided him a "reasonable opportunity" to cure it. Thus, the Court cannot grant summary judgment in favor of Defendant on the issue of whether Plaintiff had a "serious health condition" for purposes of the FMLA.

Plaintiff has also provided evidence indicating that he provided Defendant notice of his intention to take FMLA leave. See, *e.g.*, Doc. 89, Exhs. 1 & 5. Thus, there exists a genuine issue of fact as to whether Plaintiff provided proper notice of his intention to take leave.

The Court also finds that genuine issues of material fact exist as to whether Defendant denied Plaintiff FMLA benefits to which he was entitled, and whether Plaintiff was prejudiced thereby. The record indicates that Plaintiff was terminated because he exceeded his allowable amount of non-FMLA sick leave, and that he would not have been terminated had the FMLA leaves he requested been approved. See, *e.g.*, Doc. 89, Exh. 5.

The arbitrator's award has mooted Plaintiff's request to be reinstated to his former position. But he still may seek to recover back pay and overtime that were not included in his arbitration award, as well as attorney's fees, liquidated damages, and interest on the unpaid damages amounts. Thus, the Court finds that these aspects of Plaintiff's FMLA claim have not been mooted by the arbitration award,.

Therefore, Defendant's motion for summary judgment is denied as to Plaintiff's claim for FMLA interference.

***B. FMLA Retaliation***

To make out a prima facie case of FMLA retaliation, Plaintiff must show: (1) he was engaged in FMLA-protected activity; (2) he suffered an adverse employment action; and (3) there

was a causal connection between the exercise of his rights under the FMLA and the adverse employment action. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 508 (6th Cir. 2006).

In his opposition to Defendant's motion for summary judgment, Plaintiff identifies the following incidents as forming the basis for his FMLA retaliation claim:

> "9/23/01 denied funeral leave
> 11/13/08 passed over for overtime,
> 11/18/08 passed over for overtime twice on that day, resulted in two grievances being filed because they held over Crenshaw while he was on light duty and Fishbach should have had that opportunity to do so.
> 3/9/09 bypassed for supervisor position, resulted as position is still open while Achinger fills position or Schreidah comes down to fill position
> 7/13/10 false charges against him for gross insubordination, gross misconduct, leaving the work areas without authorization, failure to complete work duties and conduct unbecoming a City of Toledo employee, which resulted in inaction from the City of Toledo based on current pending lawsuit
> 3/27/09 passed over for overtime
> 11/24/09 false charges regarding missed days, resulting in an untimely charge that is still pending due to the lawsuit"

(Doc. 85 at 11).

Plaintiff also submits that Defendant's decision to file a "groundless" challenge the arbitrator's award in the Lucas County Common Pleas Court, which delayed the date of Plaintiff's reinstatement, was an act of retaliation.

The Court finds, however, that Plaintiff has failed to point to sufficient evidence to create a prima facie case of FMLA retaliation. Plaintiff points to no adverse effect resulting from the Common Pleas action other than the mere fact of delay. The delay in reinstatement suffered by Plaintiff due to Defendant's challenge to the arbitration award is therefore not actionable as FMLA retaliation. See *McGinnis v. United States Air Force*, 266 F.Supp.2d 748, 771 (S.D. Ohio 2003) ("Courts which have addressed whether a delay in a promotion constitutes an adverse employment action have consistently held that it does not."). Even if it was, however, the Court

9

finds that Plaintiff has not submitted evidence to carry his burden of showing that the Common Pleas action was indeed "groundless" or animated by a retaliatory motive.

For Plaintiff to prevail on his failure to promote claim, he must show, *inter alia*, that: (1) he applied and was qualified for a promotion; (2) he was considered for and denied the promotion; and (3) another employee of similar qualifications who was not a member of the protected class received the promotion. *Sutherland v. Michigan Dept. of Treasury*, 344 F.3d 603, 614-15 (6th Cir. 2003). It is undisputed that Defendant has not yet filled the "Instrumentation Supervisor" position for which Plaintiff has applied. Thus, he has not been "denied the promotion" to Instrumentation Supervisor. Cf. *Dobbs-Weinstein v. Vanderbilt Univ.*, 185 F.3d 542, 546 (6th Cir. 1999) (declining to find an "adverse employment action" where the plaintiff "ha[d] not here suffered a final or lasting adverse employment action."). Moreover, Plaintiff has submitted no evidence showing a causal link between his exercise of FMLA rights and Defendant's delay in filling the Instrumentation Supervisor position.[1]

As to the remaining incidents that form the basis for Plaintiff's retaliation claim, he points the Court to nothing but various union grievance forms he has filled out in the past several years. (Doc. 91, Exh. 19). This evidence fails to meet his burden of showing a causal connection between his exercise of FMLA and any adverse employment action. Moreover, because these grievances have not been finally decided at this point, it would be inappropriate to hold that Plaintiff has yet suffered an "adverse employment action" based on the incidents described therein. See *Dobbs-Weinstein*, 185 F.3d at 546 (cautioning against "encouraging litigation before

---

[1] Plaintiff complains that he was barred from Defendant's premises during the period of his termination. Because Plaintiff was eventually reinstated, however, the Court finds that this does not constitute an "adverse employment action" or retaliation for his exercise of FMLA rights.

10

the employer has an opportunity to correct through internal grievance procedures any wrong it may have committed.").

Thus, the Court grants the motion for summary judgment as to Plaintiff's claims for FMLA retaliation.

## *C. Disability Discrimination*

Plaintiff also brings a claim for disability discrimination under Ohio Rev. Code § 4112.02. He claims that he suffers from chronic obstructive pulmonary disease (COPD), which restricts him in the major life activity of "breathing." He contends that he has presented Defendant with requests for an accommodation, use of an air-conditioned vehicle or access to air conditioning when working in hot weather, which have been denied, resulting in "hardship to plaintiff and several days of missed work." Doc. 85 at 3.

The same standards that apply to claims under the ADA apply to Plaintiff's claim for disability discrimination under Ohio law. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). "In order to establish a prima facie of disability discrimination under the ADA for failure to accommodate, a plaintiff must show that: (1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation." *Myers v. Cuyahoga County*, 182 Fed.Appx. 510, 515 (6th Cir. May 31, 2006).

It is not clear whether Plaintiff's disability discrimination claims arose before or after the 2008 Amendments to the ADA became applicable. See *Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562, 565 (6th Cir. 2009) (holding that the amendments were not made

11

retroactive). Plaintiff can prove that he is disabled by showing either "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (c) being regarded as having such an impairment." *Milholland*, 569 F.3d at 565 (quoting 42 U.S.C. § 12102(2) (2006)) (the 2008 Amendments added the phrase "(as described in paragraph 3)" to subsection (C), clarifying that an individual may be "regarded as disabled" whether or not the perceived impairment limits a major life activity).

In this case, Plaintiff directs the Court to three pieces of evidence in support of the contention that he is disabled. One is a "Statement of Attending Physician" dated August 4, 2005, diagnosing Plaintiff with a "lumbosacral sprain" and "laryngeal irritation." (Doc. 90, Exh. 11). It states that Plaintiff was "able to return to work with no limitation" on August 4, 2005. The other piece of evidence relied upon by Plaintiff is a letter dated August 4, 2005 granting Plaintiff's application for worker's compensation for the same injuries, arising from an incident where he was exposed to chlorine gas while on the job. Finally, Plaintiff states in his affidavit, "I suffer from COPD as a result of exposure to chlorine gas fumes in the course of my employment in 2005." (Doc. 86 at ¶ 5). None of this evidence, however, indicates that his COPD "substantially limits" him in the major life activity of "breathing." Nor has he submitted evidence showing a record of such an impairment, or that Defendant regarded him as having any impairment.

**IV. Conclusion**

For the foregoing reasons, the Court grants Defendant's motion for summary judgment (Doc. 77) in part and denies it in part. The motion is denied as to Plaintiff's claim for FMLA interference, and granted as to the remainder of Plaintiff's claims in this suit.

IT IS SO ORDERED.

12

                                                                              s/ *David A. Katz*  
                                                                              DAVID A. KATZ  
                                                                              U. S. DISTRICT JUDGE